UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC,<br>    Plaintiff,<br>    v.<br>DOE-73.92.201.24,<br>    Defendant. | Case No. 16-cv-02939-JCS<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 6 |

## I. INTRODUCTION

Plaintiff Dallas Buyers Club, LLC ("DBC") alleges that the unnamed Defendant ("Doe") has infringed its copyright for the motion picture *Dallas Buyers Club*. DBC has been unable to determine Doe's identity, but has ascertained Doe's IP address (73.92.201.24) and Internet Service Provider (Comcast Cable). Now pending before the Court is DBC's *ex parte* Motion for Expedited Discovery ("Motion"). DBC requests an order permitting it to subpoena third party Comcast Cable for records that will reveal the identity of the subscriber associated with Doe's IP address. The Court finds that the Motion is suitable for determination without oral argument. *See* Civil L.R. 7-1(b). Good cause shown, the Motion is GRANTED.

## II. BACKGROUND

### A. The Complaint

DBC filed the instant Complaint against Doe on June 1, 2016, alleging copyright infringement under the Copyright Act. Compl. ¶¶ 35–41. DBC also filed Exhibit 1 in which DBC lists the date, time, and location of the alleged acts of infringement. Dkt. 1-1. Exhibit 1 also lists the IP address and Internet Service Provider used in the alleged acts. In the Complaint, DBC alleges as follows.

DBC is the registered copyright holder for the motion picture *Dallas Buyers Club* ("the

film"). Compl. ¶¶ 4, 6. The film contains wholly original material that is copyrightable subject matter currently offered for sale in commerce. *Id.* ¶¶ 8–9.

From April 11, 2016, to May 18, 2016, Doe distributed a distinct copy of the film in at least 190 instances. *Id.* ¶¶ 12, 15–16; *see also id.* Ex. 1 (listing the distributions). Doe distributed the film, as well as many other copyrighted works, through BitTorrent's peer-to-peer file sharing network. Compl. ¶¶ 12, 16–17, 30. Doe's BitTorrent activity is consistent with a singular, identifiable adult who was authorized to use the IP address from which the distributions were made. *Id.* ¶¶ 17–22.

Presently, DBC only knows Doe by the IP address from which the distributions were made (73.92.201.24, "Doe's IP address"). *Id.* ¶ 12. Using geolocation technology, DBC traced the distributions from Doe's IP address to the Northern District of California. *Id.* ¶¶ 14–15, 21. DBC determined that Comcast Cable was the Internet Service Provider for Doe's IP address when the distributions occurred. *Id.* ¶ 21. Comcast Cable generally assigns a subscriber one IP address for extended time periods and maintains records of its IP address assignments. *Id.* ¶ 21–22. Because the Comcast Cable subscriber assigned Doe's IP address is either Doe or a person who authorized Doe's Internet access, DBC would likely be able to identify Doe upon discovering Comcast Cable's records. *Id.* ¶ 22–23.

**B.   The Motion**

On June 2, 2016, DBC filed the pending Motion, requesting that the Court permit DBC to subpoena Comcast Cable under Federal Rule of Civil Procedure 45. With the Motion, DBC filed the Declaration of James S. Davis, DBC's counsel. Dkt. 6-3. Davis declared that he compiled the list of distributions in Exhibit 1 from data provided by DBC's investigators, MaverickEye UG. Davis Decl. ¶¶ 5–6. He also declared that, using three geolocation websites,[1] he traced Doe's IP address to Alameda County and confirmed Comcast Cable as the Internet Service Provider. *Id.* ¶¶ 8–9. Pursuant to his findings, Davis asserts that Comcast Cable is able to identify the subscriber assigned Doe's IP address, who is either Doe or someone who can identify Doe.

---

[1] Davis used the IP address locator websites www.iplocation.net, www.ipfingerprints.com, and www.ip-address.org.

2

*Id.* ¶ 11.

## III.  ANALYSIS

### A.  Legal Standard

In the Ninth Circuit, a district court may permit a plaintiff to seek expedited discovery when good cause is shown. Fed. R. Civ. P. 26(d)(1); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002); *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. C 14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) (collecting authority). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.*, 208 F.R.D. at 275. "[G]ood cause is frequently found in cases involving claims of infringement . . . ." *Id.* District courts have broad discretion to fashion expedited discovery orders. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) ("A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion").

When the identity of a defendant is not known before a complaint is filed, the plaintiff "should be given an opportunity through discovery to identify the unknown defendant[], unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). To determine whether there is good cause permitting expedited discovery to identify unnamed defendants, courts in this district consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that [the] defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing *Columbia Ins. Co.*, 185 F.R.D. at 578-80).

United States District Court
Northern District of California

3

### B.  Discussion

Applying the test set forth in *Openmind Solutions*, the Court finds that DBC has demonstrated that there is good cause for expedited discovery as to Doe's identity.

First, DBC has demonstrated that it can identify Doe with sufficient specificity such that the Court can determine that Doe is a real person or entity who would be subject to the Court's jurisdiction. *See OpenMind Solutions, Inc.*, 2011 WL 4715200, at *2.  DBC alleges that Doe is likely a singular, identifiable adult who is either the subscriber assigned to Doe's IP address or someone who is known to the subscriber. Compl. ¶¶ 17, 19–20; *see also* Davis Decl. ¶ 11. DBC bases this allegation on the consistency of Doe's activity as well as the number and titles of copyrightable works that Doe has distributed through BitTorrent. Compl. ¶¶ 17, 19–20; *see also id.* Ex. 1 (list of distributions). DBC has also used geolocation technology to trace Doe's IP address to the Northern District of California, specifically Alameda County, thus giving the Court jurisdiction over Doe and the present copyright action. Compl. ¶ 14; Davis Decl. ¶ 9. Thus, DBC has satisfied this factor.

Second, DBC has identified all steps taken to locate Doe, a factor "aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Columbia Ins. Co.*, 185 F.R.D. at 579. Specifically, DBC has alleged that it determined Doe's Internet Service Provider to be Comcast Cable, traced the IP address to this district, and identified BitTorrent as the software used to distribute the film. *Id.* ¶¶ 14–16 & Ex. 1 (list of distributions); *see also* Davis Decl. ¶¶ 6–10. Therefore, the Court concludes that DBC has made a good faith effort to identify Doe and that it will be unable to do so unless the Court grants the requested relief.

Third, the allegations in DBC's Complaint appear to be sufficient to withstand a motion to dismiss. *See Columbia Ins. Co.*, 185 F.R.D. at 579. To establish copyright infringement, a plaintiff must allege facts sufficient to establish that it owns a valid copyright and the defendant copied constituent elements of the copyrighted work that are original. *Feist Pub'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) (defining the two elements as (1) ownership of the infringed material

4

and (2) that the alleged infringer violated an exclusive right granted to the copyright holder); 17 U.S.C. § 501(a). DBC alleges that it holds a valid copyright for the film and Doe distributed copies of the film without its permission through the BitTorrent peer-to-peer network. Compl. ¶¶ 8–9, 12-13, 15, 21. DBC has therefore satisfied the third factor.

Finally, the Court finds that there is a reasonable likelihood that the requested discovery will lead to information identifying Doe. *See Columbia Ins. Co.*, 185 F.R.D. at 580; *Gillespie*, 629 F.2d at 642-43 (stating that expedited discovery to identify unnamed defendants should be allowed "unless it is clear that discovery would not uncover the identities"). DBC alleges that Comcast Cable generally assigns an IP address to a single subscriber for extended time periods and maintains records that identify its subscribers. Compl. ¶ 21. DBC further alleges that these records will either identify Doe or the subscriber who authorized Doe's Internet access. *Id.* ¶¶ 21–22; *see also* Davis Decl. ¶ 11. In sum, DBC has demonstrated that obtaining Comcast Cable's records regarding Doe's IP address will likely reveal Doe's identity.

Granting expedited discovery to permit DBC to identify Doe appears to be the only way to advance this litigation. *See UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008). Moreover, granting DBC's request for expedited discovery does not prejudice Doe because it is narrowly tailored to seek only Doe's identity. *See id.* DBC has therefore met its burden of establishing good cause.

## IV.  CONCLUSION

For the foregoing reasons, DBC's Motion is GRANTED as follows.

IT IS HEREBY ORDERED that DBC shall file a proposed subpoena by June 28, 2016. The subpoena shall order Comcast Cable to produce only the names and addresses for the subscribers assigned IP address 73.92.201.24 from April 11, 2016, to May 18, 2016 ("the subscribers"). The subpoena shall give Comcast Cable at least 45 days to produce the names and addresses of the subscribers. Once the Court approves the subpoena, DBC may serve it. DBC shall serve a copy of this Order with the subpoena.

IT IS FURTHER ORDERED that, upon receiving the subpoena and Order, Comcast Cable shall have 14 days to provide the subscribers with the following: (1) notice that it received a

5

1  subpoena from Dallas Buyers Club, LLC ordering it to produce their names and addresses; (2)
2  notice that the subscribers have 30 days to seek a protective order from the Court or file
3  responsive pleadings; and (3) a copy of this Order.  Comcast Cable shall also have 30 days to seek
4  a protective order from the Court.
5      IT IS FURTHER ORDERED that Comcast Cable shall preserve all subpoenaed
6  information pending its delivering such information to DBC or the final resolution of a timely
7  filed and granted Motion to Quash the subpoena with respect to such information.
8      IT IS FURTHER ORDERED that any information disclosed to DBC in response to a
9  subpoena may be used by DBC solely for the purpose of protecting its rights under the Copyright
10 Act, 17 U.S.C. §§ 101 *et seq*.
11 **IT IS SO ORDERED.**
12 Dated:

_____
JOSEPH C. SPERO
Chief Magistrate Judge